UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE L. MCDOUGALD,

       Plaintiff,                                  Case No. 1:08-cv-744

  vs.                                             Barrett, J.
                                                   Black, M.J.

OFFICER STEVE E. TIMBERLAKE, *et al.*,

       Defendants.

## REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (Doc. 25) BE DENIED

Plaintiff, an inmate at Pickaway Correctional Institution, brings this § 1983 action *pro se* claiming that Defendants violated his Constitutional rights. This civil action is now before the Court on Plaintiff's motion for leave to file amended complaint (Doc. 25) and Defendants' memorandum *contra* (Doc. 26).

Plaintiff's motion seeks to amend his complaint to add claims against the former Mayor of the City of Portsmouth, Jim Kalb; the Portsmouth Ohio Police Department; and Portsmouth Police Chief, Charles Horner. Plaintiff has not submitted a proposed amended complaint in conjunction with his motion to amend.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

# I. BACKGROUND

This case arises from a complaint (Doc. 6) filed on October 29, 2008 by Plaintiff Jerone McDougald against Defendants Investigator Steve Timberlake of the Portsmouth Police Department and Scioto County Probation Officers Nick Ferrara and Eric Flannery. Plaintiff's claims all relate to his arrest on December 18, 2006. With respect to Defendant Timberlake, the complaint alleges that he "assaulted" Plaintiff him when he kicked and punched him in the face and the back of the neck and called him a racial slur. (Doc. 8, p. 5). The complaint further asserts that Defendant Timberlake "got mad" at Plaintiff when Plaintiff asked if he had a search warrant and that Timberlake allegedly stated that he did not need a warrant. (*Id.*).

# II. STANDARD OF REVIEW

Fed. R. Civ. P. 15 grants a court discretion to permit a plaintiff to file an amended complaint. Leave may be denied if the proposed amendment would be futile in as much as it would not withstand a motion to dismiss under Rule 12(b)(6). *See Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007).

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Id.*; *see also, Mezibov v. Allen*, 411 F.3d 712 (6th Cir. 2005) (noting that "[c]onclusory allegations or legal conclusions masquerading as factual

conclusions will not suffice to prevent a motion to dismiss."). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## III. ANALYSIS

Defendants maintain that Plaintiff has not identified what specific additional allegations he wishes to add to the complaint and has failed to set forth any facts in support of those claims. Thus, Defendants assert that any "proposed amendments" suggested by Plaintiff's motion are futile. The undersigned agrees and finds that Plaintiff's motion for leave is not well-taken.

Plaintiff seeks to amend his complaint to include a claim that the Portsmouth Police Department had a policy, custom, or practice of targeting "a specific class of citizen that being 'the black male'." Because the Portsmouth Police Department is not a legal entity capable of being sued, *see Tysinger v. City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006), Plaintiff's proposed claim against the Police Department is construed as one against the City of Portsmouth. Moreover, as a § 1983 action against a municipal official in his official capacity is to be treated as an action against the municipality itself,

Plaintiff's proposed claims against the Portsmouth Mayor and Police Chief in their official capacities must likewise be treated as against the City itself. *See Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992).

"It is firmly established that a municipality . . . cannot be held liable under §1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2005) (citing *Monell v. New York City Dep't. of Soc. Servs.* 436 U.S. 658, 694 (1978)). To state a claim for relief against the City of Portsmouth for his injuries, Plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the City." *Monell*, 436 U.S. at 694; *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996); *see also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be a "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

"A local government may be found liable for policies set by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Davenport v. Simmons*, 192 F. Supp. 2d 812, 824 (W.D. Tenn. Sept. 13, 2001) (quoting *Monell*, 436 U.S. at 694). Pursuant to *Monell*, a custom "must be so permanent and well settled as to constitute a custom or usage with the force of law." In order to show a custom or policy,

Plaintiff must cite specific facts in support of his claim. Conclusory allegations are not sufficient. *Culberston v. Doan*, 125 F.Supp.2d 252, 263-64 (S.D. Ohio 2000). It is well established that a municipality may not be held liable solely on the basis of *respondeat superior*. *Monell*, 436 U.S. at 694.

A plaintiff must "identify the policy, connect the policy to the city itself, and show that the particular injury was incurred because of the execution of that policy." *Searcy v. City of Dayton,* 38 F.3d 282, 287 (6th Cir. 1994). In other words, the plaintiff must establish "a close causal connection between the policy and the injury suffered." *See Johnson v. Hardin Co.*, 908 F.2d 1280, 1285 (6th Cir. 1990) (citation omitted).

Here, Plaintiff has failed to present any evidence showing that any individual officer acted pursuant to any policy or custom of the City or the Police Department that proximately caused any violation of Plaintiff's constitutional rights. Accordingly, Plaintiff's proposed amendments are not well-taken.

Moreover, Plaintiff has also failed to present any evidence in support of his proposed claims against the Portsmouth Mayor and Police Chief. As detailed above, under Section 1983, supervisory liability must be based on more than *respondeat superior*, or the right to control employees. *See Monell*, 436 U.S. at 691-94; *Hays v. Jefferson County*, 668 F.2d 869, 873-74 (6th Cir.1982). Mere negligence is insufficient to sustain a claim of inadequate police supervision under §1983; the failure must be so gross that future police misconduct is substantially certain to result. *Hays* at 873-74.

Again, Plaintiff has failed to allege any facts establishing the involvement of either the Portsmouth Mayor or Police Chief in the incident at issue. It appears that Plaintiff has

named these individuals as Defendants because of the supervisory positions they hold. However, *respondeat superior* does not apply to § 1983 claims and cannot serve as a basis for liability on the Mayor or Police Chief. *See Monell*, 439 U.S. at 691-94.

## IV.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's motion for leave to amend complaint (Doc. 25) should be **DENIED.**

DATE:  December 23, 2009   s/Timothy S. Black
Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEROME L. MCDOUGALD,

   Plaintiff,           Case No. 1:08-cv-744

  vs.               Barrett, J.
                  Black, M.J.

OFFICER STEVE E. TIMBERLAKE, *et al.,*

   Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") **within 14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections **within 14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).